IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HAROLD JIMERSON,<br><br>    Plaintiff<br><br>  VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>    Defendant | NO. 5:05-CV-58 (CWH)<br><br>SOCIAL SECURITY APPEAL |

## O R D E R

  This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

  On May 11, 1988, plaintiff filed an application for Disability Insurance Benefits. The application was denied initially, on reconsideration, and no request for hearing was filed. Plaintiff then filed the current application on July 14, 1992. He alleged disability commencing on October 1, 1982, due to post traumatic stress disorder. The claim was denied initially, but the Appeals Council remanded the claim. Following a hearing on November 24, 1994, the Administrative Law Judge (ALJ) denied plaintiff's claim, but the Appeals Council remanded the case. Plaintiff then had another hearing on April 10, 1998. The application was denied initially and after further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 et seq.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

The plaintiff's only contention in the present case is that the ALJ improperly discounted the opinion of his treating physician. Specifically, the plaintiff claims that the ALJ improperly substituted his own medical opinion for that of plaintiff's treating psychiatrist, Dr. Strachen.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

Dr. Strachen, plaintiff's treating psychiatrist, testified and submitted a written affidavit stating that plaintiff was disabled as of June 8, 1981, due to post traumatic stress disorder. R. 288-93, 413-435. A review of the 1998 hearing shows that the ALJ improperly dismissed Dr. Strachen's medical opinion. Specifically the 1998 hearing transcript, shows that the ALJ questioning of Dr. Strachen was completely unprofessional and highly inappropriate. Dr. Strachen testified that plaintiff suffers from post traumatic stress disorder due to his time in Vietnam and, as a result of these experiences, he has difficulty concentrating and a loss of interest in things around him. She also testified as to her treatment of plaintiff over 17 years. R. 413-435. When the ALJ questioned Dr. Stratchen about her testimony, he made several inappropriate comments concerning her treatment of plaintiff. At one point the ALJ went so far as to state:

> *Q: ... For some reason, I have a complex of talking to people who say they are psychiatrists. I got one that lives next door to me. He ain't got no more business being a psychiatrist than the goat with a side saddle. Now that's the way I feel about him. And he is a psychiatrist, But so help me Lord, he can't get out of that shallow manure, if you want to know the truth. Now, that's what I think of him. I don't think that about you, but I say this about you. I can't compete with you for the simple reason you just said what you just said in answer to the questions I had in there. And you know what, that don't mean a thing to a common everyday man. If you had a jury of 12 over there. You know what they'd say about you? This woman ain't got no business telling us this. But we got to know what that person can do or can't do, or has done, has done. That's what I'm saying. Right? And I'd be perfectly candid with you, I've had psychiatrists that had the temerity to get on the witness stand and say, oh, this fellow is compelled to do so and so. You know what he was compelled to do? To get out of jail. That's the way, the way to do anything. And this fellow had the temerity to sit there in front of 12 jurors and tell me he was compelled to do so and so. You know what, before it was over with, he was the laughing stock of the whole case to be perfectly frank with you. But at any rate, is there anything you can do to help this man today?*
>
> *A: Yes. There is quite a bit I can do.*
>
> *Q: What can you do? You haven't done it and he's been going to see you for months. And you haven't done nothing yet, according to what he said to me a while ago.*
>
> R. 430-431.

It is patently clear that the ALJ improperly discounted the opinion of Dr. Stratchen and substituted his own opinion as to plaintiff's psychological impairments. He injected into the hearing a personal bias which totally undermined the finding he thereafter made. Therefore, the undersigned finds that his decision ALJ was not based on substantial evidence.

This case must be REMANDED for an award of benefits. Although there is very little documentary evidence of plaintiff's psychological treatment in the record, Dr. Stratchen explained at the hearing that many of her records had been destroyed in a building fire. The court find this to be an adequate explanation for the lack of documentary evidence concerning plaintiff's psychological condition. To penalize him for something that was out of his control would be improper. *See Quinn v. Sullivan*, CCH Unemployment Insurance Reports ¶17,294A, p. 149 (N.D. Ga. 1993).

Accordingly, it is the judgment of this court that pursuant to 42 U.S.C. § 405(g), the Commissioner's decision in this case be, and it is, **REVERSED AND REMANDED** for an award of benefits.

SO ORDERED AND DIRECTED, this 13th day of SEPTEMBER, 2005.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE